Douglas C. Erickson, 012130
derickson@mmcec.com
Jennifer A. Sparks, No. 017502
jsparks@mmcec.com
**MAYNARD CRONIN ERICKSON CURRAN & SPARKS, P.L.C.**
3200 North Central Avenue, Ste. 1800
Phoenix, Arizona  85012
(602) 279-8500

Attorneys for JPMorgan Chase Bank, N.A.

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Yvonne Derry,<br><br>             Plaintiff,<br><br>v.<br><br>Chase Bank; James Dimon; Heidi G. Miller; American Brokers Conduit; Sharon Ing; American Home Mortgage Servicing, Inc.; Donald Heing; Alan B. Horn; Michael Strauss; Trustee for Transaction, et al.,<br><br>             Defendants. | No. CV-09-02640-PHX-SRB<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS** |

Defendant JPMorgan Chase Bank, N.A. ("Chase") respectfully submits this reply in support of its Motion to Dismiss. The reply is supported by the following memorandum of points and authorities, and the Court's record, which are incorporated herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Little more need be said than: Plaintiff fails to refute a single argument as to why her Complaint should be dismissed. Plaintiff mistakenly relies on Supreme Court *dicta* to suggest that precedent and/or the Federal Rules of Civil Procedure do not apply to her or that the Court must not apply them as strictly.

Plaintiff argues that, pursuant to *Haines v. Kerner*, 404 U.S. 519 (1972), a case involving a *pro se* prisoner alleging civil rights violations, this Court should "look to the substance of the pleadings rather than the form." *See* Response, at 1-2. However, *Haines* does not stand for the proposition that the Federal Rules of Civil Procedure or substantive tests do not apply to *pro se* litigants. The Supreme Court later clarified the meaning of *Haines*.

> While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 30 L.Ed. 2d 652, 92 S. Ct. 594 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106, 50 L. Ed. 2d 251, 975 S. Ct. 285 (1976), and have held that some procedural rules must give way because of the unique circumstance of incarceration, *see Houston v. Lack*, 487 U.S. 266, 101 L. Ed. 2d 245, 108 S. Ct. 2379 (1988) (*pro se* prisoner's notice of appeal deemed filed at time of delivery to prison authorities), ***we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.*** As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807 (1980).

*McNeil v. United States*, 508 U.S. 106, 113 (1993)(emphasis added)(footnotes omitted). Moreover, Plaintiff's Complaint suffers from far more serious defects than "procedural" shortcomings.

**I. NO CLAIMS ARE STATED.**

Plaintiff *still* does not identify a specific mortgage or any particular property that is encumbered; she *still* does not so much as hint at which defendant did any specific act that caused her harm. Her "objection" is nothing more than speculation and groundless accusations of various frauds being committed, now even on the Court. There is no fraud, and Plaintiff has alleged no facts, which if proven true, would entitle her to relief against any defendant.[1] Although she claims that the lenders have been "paid" in full, she does not claim that *she* paid

---

[1] Some of the individual defendants do not even appear to have allegations made as to them.

- 2 -

her mortgage. Whether the promissory note and/or security interest were resold in a secondary market is irrelevant to the analysis.

**II.      HOEPA CLAIMS ARE BARRED (COUNT I).**

It is not clear from the "objection" whether Plaintiff is continuing to assert HOEPA claims, but she fails to explain how they could survive the Motion to Dismiss, as a matter of law.

**III.     RESPA CLAIMS ARE BARRED (COUNT II).**

For reasons stated in the Motion to Dismiss and not refuted by Plaintiff, no RESPA claim can be asserted.

**IV.     TILA CLAIMS ARE BARRED (COUNT III).**

Plaintiff seems to confirm that she is asserting TILA claims, but fails to explain how they could survive the Motion to Dismiss, as a matter of law.

**V.      FCRA CLAIMS ARE SPECULATIVE AND TIME-BARRED (COUNT IV).**

Plaintiff says nothing to refute the points made in the Motion to Dismiss on this topic.

**VI.     FRAUD AND RELATED CLAIMS MUST FAIL (COUNTS VII, X, XI).**

Other than to frivolously speculate about various frauds committed on the Court and in the mortgage industry generally, Plaintiff offers no sustainable objection to dismissal of whatever fraud, conspiracy, and "RICO" claims might be read into her Complaint.

**VII.    THERE IS NO LEGAL BASIS FOR BREACH OF FIDUCIARY DUTY (COUNT VIII).**

Plaintiff does not argue that a fiduciary duty claim can be stated. As a matter of law, it cannot.

**VIII.   UNJUST ENRICHMENT HAS NOT AND WILL NOT OCCUR (COUNT IX)**.

This claim fails as a matter of law, and Plaintiff does not seriously argue the point.

**IX.     CONSPIRACY CLAIM MUST FAIL (COUNT X)**.

Plaintiff does not meaningfully refute this point.

**X.     NO RICO CLAIM IS STATED  (COUNT XI)**.

Plaintiff fails to address this theory or explain her reliance on an Ohio racketeering statute, O.R.C. 2923.31(G).

**XIII.   QUIET TITLE CLAIM IS DEFECTIVE**.

Plaintiff does not address this topic.

**XIV.   USURY AND FRAUD**

Plaintiff offers no defense of her Complaint on these theories.

**XV.    CONCLUSION**

Plaintiff's objection is wholly insufficient for the Court to consider allowing her Complaint to move forward as to any theory. Even with a second opportunity (the Complaint itself being the first), she fails to articulate what any defendant did that was wrongful and that caused her harm. Even if she had done so, many of her theories would be barred by statutes of limitations.  Therefore, Chase requests that this Court dismiss the Complaint, with prejudice, and award the bank its fees and costs incurred herein.

RESPECTFULLY SUBMITTED this 19th day of January, 2010.

**MAYNARD CRONIN ERICKSON  
CURRAN & SPARKS, P.L.C.**

By /s/Douglas C. Erickson  
Douglas C. Erickson  
Jennifer A. Sparks  
3200 North Central Avenue, Ste. 1800  
Phoenix, Arizona  85012-2443  
Attorneys for JPMorgan Chase Bank, N.A.

**ORIGINAL** of the foregoing e-filed this 19th day of January, 2010, with:

Clerk of the Court  
United States District Court  
401 W. Jefferson  
Phoenix, AZ  85003

1 | **COPY** of the foregoing delivered via ECF and mailed this 19th day of January, 2010, to:

2 | Honorable Susan R. Bolton
United States District Court
3 | Sandra Day O'Connor U.S. Courthouse, Suite 522
401 W. Washington, SPC 50
4 | Phoenix, AZ 85003-2153

5 | **COPY** of the foregoing mailed this 19th day of January, 2010, to:

6 | Yvonne Derry
10414 E. Hillside Drive
7 | Fountain Hills, AZ 85268
Plaintiff Pro Per
8

9 | By   /s/Stacey Tanner