Tawn T. Pritchette (# 019955)
Craig A. Morgan (#023373)
PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue, Suite 2000
Phoenix, Arizona  85012-2788
Telephone:  602.351.8000
Facsimile:  602.648.7000
TPritchette@perkinscoie.com
CMorgan@perkinscoie.com
docketphx@perkinscoie.com

Attorneys for Defendant
American Home Mortgage Servicing, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Yvonne Derry,<br><br>                    Plaintiff,<br><br>        v.<br><br>Chase Bank; James Dimon; Heidi G. Miller; American Brokers Conduit; Sharon Ing; American Home Mortgage Servicing, Inc.; Donald Heing; Alan B. Horn; Michael Strauss; Trustee for Transaction, et al.<br><br>                    Defendants. | No. 2:09-cv-02640-SRB<br><br>**DEFENDANT AMERICAN HOME MORTGAGE SERVICING, INC.'S REPLY IN SUPPORT OF JOINDER IN DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS** |

Plaintiff's Memorandum Submitted In Response To Court's Order (the "Response") makes no sense and fails to address the merits of the Motion to Dismiss and related Joinder (referred to herein, collectively, as the "Motions") pending before this Court.

Rather than address the deficiencies in her Complaint or confront the merits of the Motions, Plaintiff unloads over 13 pages of additional conclusory allegations that, like those allegations in her Complaint, fail to attribute a specific unlawful act to a specific

1    Defendant.   In fact, Plaintiff's Response[1] does not even address how or why any of

2    Plaintiff's claims against American Home Mortgage Servicing, Inc. ("AHMSI") have

3    merit, let alone why those claims should survive dismissal.

4         Plaintiff  refuses to move beyond the assertion of mere "labels and conclusions" or

5    to link her claims with any facts rendering her claims even minimally "plausible on [their]

6    face." *Bell Atlantic Corp.*, 550 U.S. 555, 569 (2007) ("A plaintiff's obligation to provide

7    the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and

8    a formulaic recitation of the elements of a cause of action will not do.") (citations

9    omitted); *see also Castaneda v. City of Williams*, No. CV07-00129-PCT-NVW, 2007 WL

10   1713328 *1 (D. Ariz. June 2, 2007) ("To survive a motion to dismiss for failure to state a

11   claim upon which relief can be granted, 'factual allegations must be enough to raise a

12   right to relief above the speculative level, on the assumption that all the allegations in the

13   complaint are true even if doubtful in fact.'") (quoting *Bell Atlantic Corp.*, 550 U.S. at

14   555).  Here, even accepting "all material allegations of fact as true and construing the

15   complaint in a light most favorable to the non-moving party," *Vasquez v. L.A. County*, 487

16   F.3d 1246, 1249 (9th Cir. 2007), the Complaint fails to state a claim against AHMSI.

17   Moreover, Plaintiff's rambling Response (again, void of a single reference to any of the

18   points made in the Motions) does not save Plaintiffs' deficient Complaint from dismissal.

19        For the foregoing reasons and those set forth in the Motions, Plaintiff's Complaint

20   should be dismissed and AHMSI should be awarded its reasonable attorneys' fees, costs

21   and expenses incurred in connection with this matter.

22

23

24

25        [1] Plaintiff has filed documents substantially identical to the Response in other
     cases against AHMSI pending in this District.  *See* Docket Numbers 17 in 2:09-cv-02549-
26   NVW and 23 in 2:09-cv-02519-ROS.  This point is not made because filing substantially
     identical responses across cases involving the same claims and parties is impermissible.
27   In fact, at times, it is the appropriate thing to do.  Rather, this point is made to illustrate
     that Plaintiff has had an opportunity in three separate cases to try and articulate why her
28   claims should survive dismissal.  And, in each case, she has failed to do so.

1

Dated:  February 1, 2010

**PERKINS COIE BROWN & BAIN P.A.**

2

3

By: s/ Craig A. Morgan

4

Tawn T. Pritchette
Craig A. Morgan

5

2901 N. Central Avenue, Suite 2000
Phoenix, Arizona  85012-2788

6

7

Attorneys for Defendant
American Home Mortgage Servicing, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

1

2          ☒        I hereby certify that on February 1, 2010, I electronically transmitted the

3   attached documents to the Clerk's Office using the CM/ECF System for filing and

4   transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

5
                    Douglas C. Erickson
6                   *derickson@mmcec.com*
                    Jennifer A. Sparks
7                   *jsparks@mmcec.com*
                    MAYNARD CRONIN ERICKSON
8                     CURRAN & SPARKS, P.L.C.
9                   3200 North Central Avenue, Suite 1800
                    Phoenix, Arizona  85012
10                  Attorneys for Defendant JPMorgan Chase Bank, N.A.

11

12         ☒        I hereby certify that on February 1, 2010, I served the attached document by

13  first class mail on the following, who is not a registered participant of the CM/ECF

14  System:

15
                    Ms. Yvonne Derry
16                  15414 East Hillside Drive
                    Fountain Hills, Arizona  85268-5804
17                  Plaintiff in Pro Per

18                                  s/ Janet Roe

19

20  17624724.1

21

22

23

24

25

26

27

28

-4-