**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Yvonne Derry, | ) | No. CV 09-2640-PHX-SRB |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) ) | |
| Chase Bank; James Dimon; Heidi G. Miller; American Brokers Conduit, Inc.; Sharon Ing; American Home Mortgage Servicing, Inc.; Donald Heing; Alan B. Horn; Michael Strauss; Trustee for Transaction, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

The Court now considers Defendant JP Morgan Chase Bank, N.A.'s ("Chase")
Motion to Dismiss ("Def.'s Mot.") (Doc. 6), which has been joined by Defendant American
Home Mortgage Servicing, Inc. ("AHMSI"). (*See* Doc. 8, Def. AHMSI's Joinder.)[1]

# I.    BACKGROUND

Plaintiff Yvonne Derry is proceeding pro se in this matter. Her Complaint relates to
a deed of trust and accompanying Note, for which she is apparently "the nominal payor."

_____

[1] The other Defendants have not appeared in this action. Nevertheless, the Court will
consider the moving parties' arguments to the extent they apply to all of the Defendants. *See*
*Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir.1981) ("A [d]istrict [c]ourt may
properly on its own motion dismiss an action as to defendants who have not moved to
dismiss where such defendants are in a position similar to that of moving defendants.").

1 (Compl. ¶ 4.) The Complaint contains eleven claims: (1) violations of the Home Ownership
2 Equity Protection Act ("HOEPA") (Count I); (2) violations of the Real Estate Settlement
3 Procedures Act ("RESPA") (Count II); (3) violations of the Truth in Lending Act ("TILA")
4 (Count III); (4) violations of the Fair Credit Reporting Act ("FCRA") (Count IV); (5)
5 fraudulent misrepresentation (Count VII);[2] (6) breach of fiduciary duty (Count VIII); (7)
6 unjust enrichment (Count IX); (8) civil conspiracy (Count X); (9) civil RICO (Count XI);
7 (10) "complaint to quiet title;"[3] and (11) "usury and fraud." (Compl. ¶¶ 56-119.) The
8 Complaint does not specify which claims are brought against which Defendants and never
9 mentions any of the individual Defendants. (*Id.*) The Complaint also contains allegations that
10 refer to parties not named as Defendants. (*See, e.g.*, *id.* ¶ 12 (referencing "Defendants"
11 Quintero, Cornerstone, and TSI).)

12 **II.    LEGAL STANDARDS AND ANALYSIS**

13       **A.    Motion to Dismiss**

14       The Federal Rules of Civil Procedure require "only 'a short and plain statement of the
15 claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice
16 of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*,
17 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also* Fed.
18 R. Civ. P. 8(a)(2). Thus, dismissal for insufficiency of a complaint is proper if the complaint
19 fails to state a claim on its face. *Lucas v. Bechtel Corp.*, 633 F.2d 757, 759 (9th Cir. 1980).
20 "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual
21 allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'
22 requires more than labels and conclusions, and a formulaic recitation of the elements of a
23 cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).

24

25

26       [2] There is no Count V or VI. (*See* Compl. at 22-23.)

27       [3] Plaintiff did not number her claims for "quiet title" and "usury and fraud." *See*
28 Compl. ¶¶ 111-19.)

1    A Rule 12(b)(6) dismissal for failure to state a claim can be based on either (1) the

2    lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim.

3    *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Robertson v. Dean*

4    *Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In determining whether an asserted

5    claim can be sustained, all allegations of material fact are taken as true and construed in the

6    light most favorable to the non-moving party. *Clegg v. Cult Awareness Network*, 18 F.3d

7    752, 754 (9th Cir. 1994). "[A] well-pleaded complaint may proceed even if it strikes a savvy

8    judge that actual proof of those facts is improbable, and that 'recovery is very remote and

9    unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

10   However, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual

11   content,' and reasonable inferences from that content, must be plausibly suggestive of a claim

12   entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009)

13   (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009)). In other words, the complaint must

14   contain enough factual content "to raise a reasonable expectation that discovery will reveal

15   evidence" of the claim. *Twombly*, 550 U.S. at 556. Rule 15(a) of the Federal Rules of Civil

16   Procedure states that leave to amend a pleading "shall be freely given when justice so

17   requires." For pro se litigants, leave to amend should be granted unless it is "absolutely clear

18   that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v.*

19   *L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *accord United States v. SmithKline*

20   *Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001).

21       **B.    Specificity of Allegations**

22       Chase first argues that the Complaint should be dismissed because it "fails to identify

23   any facts specific to Plaintiff or allegations specific to any [D]efendant." (Def.'s Mot. at 4.)

24   Chase also points out that Plaintiff apparently obtained her Complaint on the Internet and

25   made few or no modifications to the document before filing it. (*Id.* at 3.) In an action such

26   as this one, with many Defendants, the Defendants must have notice of the specific actions

27   Plaintiff alleges that they have taken. *See, e.g.*, *Moore v. Kayport Package Exp., Inc.*, 885

28   F.2d 531, 541 (9th Cir. 1989). Plaintiff's Complaint does not distinguish among the

1   numerous Defendants and apparently alleges that all of them are liable for each claim. This
2   is not sufficient to withstand a challenge under Rule 12(b)(6), and this alone provides a basis
3   for the Court's dismissal of this action. Furthermore, Chase is correct that the Complaint does
4   not identify a specific mortgage or any particular property, nor does it specify what actions
5   the multiple Defendants allegedly took that damaged Plaintiff. (*See* Def.'s Mot. at 3.)
6   Plaintiff has not alleged "non-conclusory 'factual content,'" from which the Court can draw
7   "reasonable inferences . . . [that together are] plausibly suggestive of a claim entitling the
8   plaintiff to relief." *Moss*, 572 F.3d at 969 (quoting *Iqbal*, 129 S. Ct. at 1952).

9        Chase notes that one paragraph of the Complaint indicates that the mortgage at issue
10   had a principal balance of $203,000. (*Id.* at 3 n.1 (citing Compl. ¶ 29.3.8.3).) Plaintiff's
11   Response to Defendant's Motion does not shed any light on this question. (*See* Doc. 13, Pl.'s
12   Resp. to Def.'s Mot. ("Pl.'s Resp.").) Plaintiff's Response was filed on January 8, 2010.
13   Plaintiff subsequently filed two other documents captioned as "Responses" on January 21,
14   2010. (Docs. 15, 16.) Chase has moved to strike these documents as impermissible sur-
15   replies. (Doc. 19.) The Court grants Defendant Chase's Motion to Strike, as the local rules
16   for this district do not permit parties to file sur-replies without the express permission of the
17   Court. *See* LRCiv 7.2 (providing for response and reply pleadings only). Accordingly, the
18   Court will not consider Documents 15 or 16. If Plaintiff wishes to add any new facts, she
19   must do so by amending her Complaint.

20        The Court notes that the requirements of Rule 8 are relaxed with respect to pro se
21   litigants. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). However, "'pro se
22   litigants are not excused from following court rules.'" *Am. Ass'n of Naturopathic Physicians
23   v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000) (quoting *Briones v. Riviera Hotel &
24   Casino*, 116 F.3d 379, 382 (9th Cir. 1997)). Plaintiff's Complaint does not satisfy the
25   pleading standard; it is hereby dismissed. Because it is not absolutely clear that Plaintiff
26   could not amend portions of the Complaint to state a claim, it is dismissed without prejudice
27   and with leave to file an amended Complaint should Plaintiff choose to do so. *See, e.g.*,

28

- 4 -

1    *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). The Court now addresses the

2    other arguments contained in the Motion to Dismiss, regarding the specific claims.

3          **C.     HOEPA Claim (Count I)**

4          The Complaint states that the Defendants violated HOEPA

5          by numerous acts and material omissions, including but not limited to:

6          61.1. (a) failing to make the foregoing disclosure in a conspicuous fashion;
           61.2. (b) engaging in a pattern and practice of extending credit to Plaintiff
7          without regard to their [sic] ability to repay in violation of 15 USC sec.
           1639(h).

8    (Compl. ¶ 61.) A loan is only subject to HOEPA if either the annual percentage rate of the

9    loan at consummation exceeds the applicable yield on treasury securities by more than ten

10   percent, or the total points and fees payable by the consumer at or before closing is greater

11   than eight percent of the total loan amount, or $400.00. *Lynch v. RKS Mortgage Inc.*, 588 F.

12   Supp. 2d 1254, 1260 (E.D. Cal. 2008); *see also* 15 U.S.C. § 1602(aa)(1) & (3); 12 C.F.R. §

13   226.32(a)(1). In order to state a claim for violation of HOEPA, Plaintiff must allege facts

14   indicating that the loan was actually subject to HOEPA's additional disclosure requirements.

15   *See Lynch*, 588 F. Supp. 2d at 1260 (citing *Marks v. Chicoine*, No. C 06-06806 SI, 2007 WL

16   160992, at *8 (N.D. Cal. Jan. 18, 2007) (dismissing claim for violation of HOEPA where

17   plaintiff failed to allege facts supporting the conclusion that HOEPA applied to the loan at

18   issue); *Justice v. Countrywide Home Loans, Inc.*, No. 3:05-CV-008, 2006 WL 141746, at *2

19   (E.D. Tenn. Jan 18, 2006) (concluding that dismissal was appropriate where complaint

20   alleged that excessive fees were charged in violation of HOEPA but failed to specify such

21   fees, because "the bare incantation of statutory terms, without corresponding allegations to

22   support recovery, does not state a claim")); *see also Tasaranta v. Homecomings Fin. LLC*,

23   No. 09-CV-1666 WQH JMA, 2009 WL 3055227, at *4 (S.D. Cal. Sep. 21, 2009).

24         Although the Complaint states, "Plaintiff were [sic] required to pay excessive fees,

25   expenses, and costs which exceeded more than 10% of the amount financed," the factual

26   narrative portion of the Complaint does not explain what those allegedly excessive fees were.

27   A bare, formulaic recitation of the statutory terms does not withstand a challenge under Rule

28

1   12(b)(6). *See, e.g.*, *Justice*, 2006 WL 141746, at *2. There are also no factual allegations in
2   the Complaint that this case concerns a high-cost loan. Neither prong of § 1602(aa) is
3   satisfied, and Plaintiff's HOEPA claims fail as a matter of law because she has not
4   demonstrated that her mortgage was subject to HOEPA.[4] Count I is dismissed.

5        **D.    RESPA Claim (Count II)**

6        Chase argues that Plaintiff's RESPA claim is time-barred. (Def.'s Mot. at 5-6.)
7   RESPA has a one-year statute of limitations for claims under §§ 2607, the only portion of
8   the statute cited in the Complaint.  (Compl. ¶¶ 68-71.) Although the Complaint does not
9   identify a particular mortgage, as discussed above, the most recent possible mortgage in
10  Plaintiff's name dates from 2007.[5] As Plaintiff did not file her Complaint until November 23,
11  2009, the statute of limitations has run on any possible claims under § 2607 of RESPA, the
12  only section Plaintiff cites. Count II is dismissed with prejudice, as the law is clear that these
13  types of claims must be brought within one year of the consummation of the transaction.[6]

14  ───────────────

15      [4] Defendant AHMSI points out in its Joinder that it is not liable under HOEPA or
16  TILA because it is a "servicer" for the purposes of 15 U.S.C. § 1641. (Def. AHMSI's Joinder
    at 4-5 (citing 15 U.S.C. § 1641(f)(3)).) Therefore, as it does not own the loans, it cannot be
17  held liable under HOEPA or TILA. *See id.* § 1641(f)(1)-(2). For this reason, too, these claims
    are dismissed as against Defendant AHMSI.
18

19      [5] The Court takes judicial notice of the document attached to Defendant's Motion as
20  Exhibit B, which is a copy of the results of a search of the Maricopa County Recorder's
    website for properties in Plaintiff's name. Generally, on a motion to dismiss, a court limits
21  its review to the contents of the complaint and may only consider material that is properly
    presented to the court as part of the complaint. *See Lee v. City of L.A.*, 250 F.3d 668, 688-89
22  (9th Cir. 2001) (citation omitted). However, a court may take judicial notice of "matters of
23  public record" without converting a motion to dismiss into a motion for summary judgment.
    *Id.* (citing Fed. R. Evid. 201; *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.
24  1986)). Exhibit B to Defendant's Motion is a matter of public record, and Plaintiff does not
    contest its authenticity. This document is "capable of accurate and ready determination by
25  resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b).

26      [6] HOEPA and TILA also contain one-year statutes of limitations. *See* 15 U.S.C. §
27  1640(e); *Diessner v. Mortgage Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1190 & n.39
    (D. Ariz. 2009) (citing *Anderson v. Wells Fargo Home Mortgage, Inc.*, 259 F. Supp. 2d 1143,
28  1148 (W.D. Wash. 2003)). This provides an independent basis for dismissal with prejudice

1   *See, e.g.*, *Phrasavang v. Deutsche Bank*, 656 F. Supp. 2d 196, 201-02 (D.D.C. 2009)

2   (RESPA statute of limitations is jurisdictional and therefore not subject to equitable tolling);

3   *Monaco v. Bear Stearns Residential Mortgage Corp.*, 554 F. Supp. 2d 1034, 1039 (C.D. Cal

4   2008) (statute of limitations codified at 15 U.S.C. § 1640(e) runs from the date of

5   consummation of the loan).

6          **E.     TILA Claim (Count III)**

7          As stated above, claims under TILA are also subject to the statute of limitations set

8   forth at 15 U.S.C. § 1640(e).  *See Diessner*, 618 F. Supp. 2d at 1190 & n.39 (citing *Anderson*,

9   259 F. Supp. 2d at 1148). The latest possible relevant date of consummation is in 2007;

10  Plaintiff's Complaint was not filed until November 23, 2009. Accordingly, Count III, under

11  TILA, is time-barred. Count III is dismissed with prejudice.

12         **F.     FCRA Claim (Count IV)**

13         Count IV of the Complaint does not contain enough specific factual allegations to

14  raise the right to relief above the speculative level. First, the specific subsections of the

15  FCRA cited in the Complaint, 15 U.S.C. §§ 1681n(a)(2), 1681o, and 1681s(2)(b), do not

16  provide for an actionable claim. (Compl. ¶¶ 79-81.) "[S]ections 1681n and 1681o are not

17  sections of the FCRA that can be violated." *Uhlig v. Berge Ford Inc.*, 257 F. Supp. 2d 1228,

18  1230 (D. Ariz. 2003). Section 1681s addresses administrative enforcement of the FCRA, not

19  a private right of action. 15 U.S.C. § 1681s. Plaintiff's bare, vague assertions do not

20  substantiate her claim that one or more Defendants violated her rights under the FCRA. This

21  claim is dismissed without prejudice, as it is not clear that this defect could not be remedied

22  through amendment of the Complaint. *See Eldridge*, 832 F.2d at 1135-36.

23         **G.     Fraud-Based Claims (Count VII and "Usury and Fraud" Claim)**

24         Plaintiff alleges that unspecified Defendants committed fraudulent misrepresentation

25  and "usury and fraud." (*See* Compl. ¶¶ 82-88, 119.6-119.13.) Federal Rule of Civil Procedure

26

27  ─────────────────

28  of Plaintiff's HOEPA claims.

9(b) requires that, in alleging fraud, "a party must state with particularity the circumstances constituting fraud." To meet the Rule 9(b) particularity requirement:

> "a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading."

*Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999) (quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), *superceded by statute on other grounds*, Private Securities Litigation Reform Act of 1995, Public Law 104-67 (codified at 15 U.S.C. § 78u-4 (1995))). In addition, the plaintiff must "'set forth, as part of the circumstances constituting fraud, an explanation as to why the disputed statement was untrue or misleading when made.'" *Id.* (quoting *GlenFed*, 42 F.3d at 1549).

The plaintiff "must include statements regarding the time, place, and nature of the alleged fraudulent activities," and "'mere conclusory allegations of fraud are insufficient.'" *GlenFed*, 42 F.3d at 1548 (quoting *Moore*, 885 F.2d at 540). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). In a case such as this one, where multiple defendants are sued in connection with an alleged fraudulent scheme, the Ninth Circuit Court of Appeals has held that there is no absolute requirement that the plaintiff identify false statements made by each and every defendant. *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). However, the *Swartz* court went on to hold that "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id.* at 764-65 (quotation and citation omitted). At a minimum, a plaintiff in a fraud suit with multiple defendants must identify the role of each defendant in the alleged scheme. *Id.* at 765.

Plaintiff's Complaint comes nowhere near the required pleading standard. First, as previously discussed, the Complaint does not distinguish among the many Defendants and

does not provide them with the required notice of the claims against them and their roles in the alleged scheme. The Complaint also does not contain any details regarding the allegedly false statements, the "the who, what, when, where, and how" of the alleged fraud. *See Vess*, 317 F.3d at 1106 (quoting *Cooper*, 137 F.3d at 627). General, conclusory allegations of fraud are insufficient. This defect could possibly be remedied through amendment of the Complaint; therefore, these claims are dismissed without prejudice. *See Eldridge*, 832 F.2d at 1135-36.[7]

### H.    Breach of Fiduciary Duty Claim (Count VIII)

Chase argues that Plaintiff's claim for breach of fiduciary duty fails as a matter of law because "[t]here is no confidential or fiduciary relationship between Plaintiff and Chase." (Def.'s Mot. at 8.) Indeed, in Arizona, the lender-borrower relationship is not typically a fiduciary one. *See, e.g.*, *Blau v. Am.'s Servicing Co.*, No. CV-08-773-PHX-MHM, 2009 WL 3174823, at *4 (D. Ariz. Sept. 29, 2009) (acknowledging that lender-borrower relationship is not fiduciary in nature); *McAlister v. Citibank (Ariz.)*, 829 P.2d 1253, 1258 (Ariz. 1992) (holding that absent special circumstances, a bank owes no fiduciary duty to its customers and observing that the only time such a relationship has been found was when bank acted as customer's financial advisor for many years and customer reasonably relied on bank's advice).[8] Because Plaintiff has not alleged facts in support of a fiduciary relationship between

---

[7] It is not clear from the Complaint whether Plaintiff intended to make a separate claim for usury. Under Arizona law, interest on a loan may not exceed 10 percent. *See* Ariz. Rev. Stat. ("A.R.S.") §§ 44-1201 to 1202; *see also Hatton v. Greenberg*, 451 P.2d 905, 908 (Ariz. Ct. App. 1969) (explaining purpose of usury laws). Plaintiff states conclusorily that "[t]he formula rate referenced in those laws was exceeded by a factor in excess of 10 contrary to the applicable law." (Compl. ¶ 119.11.) This does no more than recite one element of a usury claim and, as such, is insufficient. Any potential claim for usury is dismissed without prejudice.

[8] Arizona state courts have not squarely addressed this question. However, "[o]ther courts have been willing, based on the specific circumstances, to find that a mortgage broker had a fiduciary relationship with a borrower." *Mortensen v. Home Loan Ctr., Inc.*, No. CV-08-1669-PHX-DGC, 2009 WL 113483, at *3-4 (D. Ariz. Jan. 16, 2009) (citing *Georges v. Accutira Mortgage, Inc.*, No. 4:08-cv-201 (JHC), 2008 WL 2079214, at *4 (E.D. Mo. May

1   her and any of the Defendants and because the lender-borrower relationship is not a fiduciary

2   one under Arizona law, this claim is dismissed with prejudice as to Chase. Plaintiff may only

3   amend this claim if she can support the existence of a fiduciary duty owed to her by one of

4   the Defendants.

5       **I.      Unjust Enrichment Claim (Count IX)**

6          Defendant Chase argues that Plaintiff's unjust enrichment claim must be dismissed

7   because a contract underlies the Complaint. (Def.'s Mot. at 9.) In Arizona, to establish a

8   claim for unjust enrichment, a party must show: "(1) an enrichment; (2) an impoverishment;

9   (3) a connection between the enrichment and the impoverishment; (4) the absence of

10  justification for the enrichment and the impoverishment; and (5) the absence of a legal

11  remedy." *Trustmark Ins. Co. v. Bank One, Ariz., NA*, 48 P.3d 485, 491 (Ariz. Ct. App. 2002)

12  (citing *City of Sierra Vista v. Cochise Enters., Inc.*, 697 P.2d 1125, 1131 (Ariz. Ct. App.

13  1984)). However, "[w]here there is a specific contract which governs the relationship of the

14  parties, the doctrine of unjust enrichment has no application." *Adelman v. Christy*, 90 F.

15  Supp. 2d 1034, 1045 (D. Ariz. 2000) (quoting *Brooks v. Valley Nat'l Bank*, 548 P.2d 1166,

16  1171 (Ariz. 1976)). The court in *Adelman* went on to observe that the "mere existence of a

17  contract governing the dispute does not automatically invalidate an unjust enrichment

18  alternative theory of recovery," but held that a claim for unjust enrichment is unavailable to

19  a plaintiff who has received the benefit of her bargain. *Id.* Plaintiff alleges the existence of

20  at least one underlying contract, and she does not allege that she did not get the benefit of her

21  bargain. (*See, e.g.*, Compl. ¶¶ 19, 95.) Moreover, Plaintiff has not alleged specific facts in

22  support of a connection between the enrichment and impoverishment she describes in general

23

24  15, 2008); *Guth v. Allied Home Mortgage Capital Corp.*, No. CA2007-02-029, 2008 WL

25  2635521, at *1 (Ohio Ct. App. July 7, 2008) ("Mortgage brokers have fiduciary duties to
    their clients."); *Zimmer v. Nawabi*, 566 F. Supp.2d 1025, 1032 (E.D. Cal. 2008) ("As

26  plaintiff's broker, Golden State owed the aforementioned fiduciary duties to plaintiff and can
    be held vicariously liable if its employees' conduct breached those duties.")). Even if the

27  Court were to assume that a fiduciary relationship existed, though, the Complaint is too

28  vague to state a claim against the Defendants.

terms. She also fails to allege that there was no justification for any enrichment that may have occurred or that she has no legal remedy. In fact, if a contract exists under which Plaintiff could recover, then her unjust enrichment claim would certainly fail, as described above. Count IX is dismissed without prejudice, as it is possible that Plaintiff could allege additional facts in support of this claim. *See Eldridge*, 832 F.2d at 1135-36.

### J.   Civil Conspiracy Claim (Count X)

Chase moves to dismiss Count X, arguing, "In Arizona, no independent tort of conspiracy is recognized." (Def.'s Mot. at 9.) The Court agrees. *See Hansen v. Stoll*, 636 P.2d 1236, 1242 (Ariz. Ct. App. 1981) ("Arizona does not recognize the existence of the tort of 'conspiracy.'" (citing *Tovrea Land & Cattle Co. v. Linsenmeyer*, 412 P.2d 47 (1966); *Perry v. Apache Junction Elementary Sch. Dist. No. 43*, 514 P.2d 514 (1973))); *accord Tuzon v. Whipple*, No. 1 CA-CV 06-0280, 2007 WL 5435012, at *3 (Ariz. Ct. App. Dec. 18, 2007). Plaintiff's claim for civil conspiracy is dismissed with prejudice because this tort does not exist in Arizona.

AHMSI points out in its Joinder that if Plaintiff is attempting to claim that Defendants conspired to defraud her, these bare allegations do not satisfy Rule 9(b). (Def. AHMSI's Joinder at 8-9; *see also* Compl. ¶¶ 100-01.) The Court agrees, and this is a second reason for dismissal of Count X. Should Plaintiff elect to replead this claim as one for conspiracy to defraud, she must allege specific facts to satisfy Rule 9(b)'s particularity requirement, as outlined above.

### K.   Civil RICO Claim (Count XI)

In moving to dismiss Count XI, Chase points out that Plaintiff cites only Ohio state law regarding racketeering, with no explanation as to why this Court should apply Ohio law to her claim. (Def.'s Mot. at 9; *see also* Compl. ¶ 106.) No allegations in the Complaint establish a nexus between Plaintiff's Arizona mortgage and the state of Ohio. Therefore, the Court will not apply Ohio law in this action.

Plaintiff's RICO claim fails for other reasons as well. A plaintiff in a RICO suit brought pursuant to federal law must allege facts in support of "a pattern of racketeering

activity." 18 U.S.C. § 1962(c). To satisfy Rule 12(b)(6), the allegations must include "proof of: '1) conduct 2) of an enterprise 3) through a pattern 4) of racketeering activity.'" *Howard v. Am. Online, Inc.*, 208 F.3d 741, 746 (9th Cir. 2000) (quoting *Sedima S.P.R.L. v. Imrex Corp.*, 473 U.S. 479, 496 (1985)). The statute defines a pattern as "at least two acts of racketeering activity" within ten years of each other. 18 U.S.C. § 1961(5); *see also United Energy Owners Comm., Inc. v. U.S. Energy*, 837 F.2d 356, 361 (9th Cir. 1988) ("In order to dismiss a RICO claim, a district court . . . must determine that the plaintiffs have failed to allege two or more RICO predicate acts, occurring over a significant period of time, evidencing a threat of continuing activity." (citations omitted)). "Two acts are necessary, but not sufficient, for finding a violation." *Howard*, 208 F.3d at 746 (citation omitted). "[T]he term pattern itself requires the showing of a relationship between the predicates and of the threat of continuing activity." *Id.* (quotation and citation omitted).

The Complaint does not identify the particular roles of the Defendants in the alleged enterprise, which alone provides a basis for dismissal of this claim. *See, e.g.*, *Moore*, 885 F.2d at 541. The Complaint also does not specify which acts Plaintiff believes were predicate acts for the purposes of RICO liability, nor does it show "a relationship between the predicates . . . [or] the threat of continuing activity." *Howard*, 208 F.3d at 746. Plaintiff's RICO claim is dismissed without prejudice. *See Eldridge*, 832 F.2d at 1135-36.

**L.    Quiet Title Claim**

Defendants Chase and AHMSI highlight several flaws in Plaintiff's quiet title claim. (Def.'s Mot. at 10; Def. AHMSI's Joinder at 3-4.) First, Chase argues that "Plaintiff does not identify which [D]efendants allegedly are making an adverse claim to title to the property." (Def.'s Mot. at 10.) The vague and conclusory allegations in the Complaint do not provide enough detail for the Defendants or the Court to know what Plaintiff claims has happened or might happen to lead to a cloud on her title. AHMSI argues that the Complaint does not comply with the statutory requirements under Arizona law. (Def. AHMSI's Joinder at 3-4.) A.R.S. § 12-1102 sets forth five requirements for a complaint asserting a quiet title claim:

The complaint shall:

1. Be under oath.

2. Set forth generally the nature and extent of plaintiff's estate.

3. Describe the premises.

4. State that plaintiff is credibly informed and believes defendant makes some claim adverse to plaintiff. When the state is made defendant, the complaint shall set forth with particularity or on information or belief the claim of the state adverse to plaintiff.

5. Pray for establishment of plaintiff's estate and that defendant be barred and forever estopped from having or claiming any right or title to the premises adverse to plaintiff.

AHMSI argues that the Complaint does not "[d]escribe the premises." (AHMSI's Joinder at 4.) The Court agrees and notes that the Complaint also does not satisfy the fourth requirement, regarding claims made by the Defendants against Plaintiff's property. This claim, like the others in the Complaint, simply does not contain enough detail to withstand a challenge under Rule 12(b)(6). This claim is dismissed without prejudice. *See Eldridge*, 832 F.2d at 1135-36.

### M.    Attorneys' Fees and Costs

Chase and AHMSI have both requested awards of attorneys' fees and costs in this matter. (*See* Def.'s Mot. at 10; AHMSI's Joinder at 10.) As some of Plaintiff's claims are dismissed without prejudice, and she may choose to file an amended Complaint, this request is premature. It may be reasserted at the proper time, after a judgment is entered in this matter.

## III.   CONCLUSION

As outlined above, Counts I, II, III, VIII, and X are dismissed with prejudice and may not be reasserted in any amended Complaint. The remaining claims are dismissed without prejudice. Should Plaintiff elect to amend the Complaint, she must do so in compliance with the standards set forth above.

**IT IS ORDERED** granting Defendant JP Morgan Chase Bank, N.A.'s Motion to Dismiss (Doc. 6). Counts I, II, III, VIII, and X are dismissed with prejudice and may not be reasserted in any amended Complaint. The remaining claims are dismissed without prejudice.

1    **IT IS FURTHER ORDERED** that any amended Complaint shall be filed no later

2 than 14 days from the date of entry of this Order or a judgment of dismissal will be entered

3 without further notice to Plaintiff.

4    **IT IS FURTHER ORDERED** granting Defendant Chase Bank's Motion to Strike

5 Plaintiff's "Memorandum Submitted in Response to Court's Order" and "Responsive

6 Memorandum to Defendant JPMorgan Chase Bank's Motion to Dismiss" (Doc. 19) and

7 striking Documents 15 and 16 from the record.

8

9    DATED this 12th day of April, 2010.

10

11

12

13    Susan R. Bolton
      United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28